## INDUSTRIAL REFRIGERATION AND EQUIP-
## MENT CO. *v.* STATE TAX COMMISSION

Robert G. Chidester, Portland, argued the cause for the plaintiff. Robert G. Chidester, Portland, Garthe Brown, Portland, and Paul K. Davis, Portland, submitted a brief for plaintiff.

Donald C. Seymour, Assistant Attorney General, Salem, argued the cause and submitted a brief for defendant.

Decision for plaintiff rendered March 5, 1965.

EDWARD H. HOWELL, Judge.

The question before the court in this case is whether the plaintiff is primarily engaged in manufacturing and assembling goods so as to entitle it to offset personal property taxes against the corporate excise tax, ORS 317.070.[1]

---

[1] "ORS 317.070 Tax on centrally assessed, mercantile, manufacturing and business corporations; offset against tax. (1) Every centrally assessed corporation, the property of which is assessed by the State Tax Commission under ORS 308.505 to 308.730, and every mercantile, manufacturing and business corporation doing or authorized to do business within this state, except as provided

The plaintiff corporation is engaged in the business of selling, installing, manufacturing and assembling various kinds of refrigeration equipment.

The defendant upon the trial conceded that the plaintiff is "primarily" engaged in manufacturing and assembling if "primarily" means "substantially." It does. This court so decided in *Guy F. Atkinson Co. v. Commission*, 1 OTR 558 (1964). In this case there is no question but that the plaintiff was "substantially" engaged in manufacturing and assembling during the years in question. From 1958 to and including 1962, from 30 percent to 56 percent of its business came from its manufacturing and assembling activities.

Defendant argues that "primarily" means over 50 percent. If the legislature had so intended it could have used that term or similar words denoting over half. Such words are not complicated or words of art. It did not. It stated that "primarily" engaged was sufficient.

Plaintiff is entitled to the personal property tax offset for the years 1958 to and including 1962. Costs to plaintiff.

---

in ORS 317.080 to 317.090, shall annually pay to this state, for the privilege of carrying on or doing business by it within this state, an excise tax according to or measured by its net income, to be computed in the manner provided by this chapter, at the rate of six percent.

"(2)(a) Each corporation subject to subsection (1) of this section which is primarily engaged in manufacturing, processing or assembling materials into finished products for purposes of sale is entitled to an offset against the tax imposed by subsection (1) of this section."